**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4917**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DEANDRE SPEARS,

             Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Deborah K. Chasanow, Senior District Judge.  (1:18-cr-00249-DKC-1)

Submitted:  June 18, 2020                    Decided:  June 22, 2020

Before FLOYD, THACKER, and RUSHING, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant. Patricia Corwin McLane, Assistant United States Attorney, Lauren Elizabeth Perry, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deandre Spears pleaded guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 (2018), and distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) (2018). The district court imposed a 60-month, mandatory minimum, sentence pursuant to the agreement. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning the validity of Spears' guilty plea and whether his sentence is reasonable. Although advised of his right to file a pro se brief, Spears has not done so. The Government has moved to dismiss the appeal based on the waiver of appellate rights in Spears' plea agreement. We affirm in part and dismiss in part.

Spears' waiver of appellate rights does not prevent him from challenging the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir.), *cert. denied*, 139 S. Ct. 494 (2018). Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charge to which he is pleading guilty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2)-(3); *DeFusco*, 949 F.2d at 119-20.

2

Because Spears did not move to withdraw his guilty plea in the district court or otherwise preserve any allegation of Rule 11 error, we review the plea colloquy only for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "To prevail on a claim of plain error, [Spears] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." *Id.* at 816. In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates a reasonable probability that he would not have pleaded guilty but for the error. *Id.* We have reviewed the record and conclude that the district court conducted a sufficient plea colloquy with Spears. *See DeFusco*, 949 F.2d at 116, 119-20. Accordingly, the district court did not plainly err in accepting Spears' guilty plea.

Spears seeks to challenge the reasonableness of his sentence. Where, as here, the Government seeks to enforce the appeal waiver and the defendant has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Spears does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our de novo review of the plea hearing leads us to conclude that the waiver is valid and enforceable. *See United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018) (stating standard of review). Moreover, Spears' challenge to the reasonableness of his sentence falls within the waiver's scope.

Accordingly, we grant in part the Government's motion to dismiss and dismiss Spears' appeal of his sentence, and we affirm the district court's judgment in all other respects. In accordance with *Anders*, we have reviewed the record and have found no

meritorious grounds for appeal that fall outside the scope of the waiver. This court requires that counsel inform Spears, in writing, of the right to petition the Supreme Court of the United States for further review. If Spears requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Spears.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4